UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BARBARA J. WARREN,

                Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**DECISION AND ORDER**
10-CV-500S

      1.      Plaintiff Barbara J. Warren challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled due to depression, a back impairment, blindness in her left eye, and breast cancer since June 1, 2004. (R. at 102, 116-17, 148-56, 310.)[1] Plaintiff contends that her impairments render her unable to work. She therefore asserts that she is entitled to disability benefits under the Act.

      2.      Plaintiff filed an application for disability insurance benefits and supplemental security income on May 2, 2005. (R. at 102-06, 310-12.) Plaintiff's application was initially denied on October 3, 2005 (R. at 66-67, 89-94, 302-09), prompting Plaintiff to request a hearing before an ALJ (R. at 61). ALJ Timothy M. McGuan conducted a hearing on January 23, 2008. (R. at 313.) The ALJ issued a written decision denying Plaintiff's claim on March 5, 2008. (R. at 111-21.) Plaintiff requested review by the Appeals Council, and submitted additional evidence to support her claim. (R. at 14-44.) On December 10, 2009, the Appeals Council denied Plaintiff's request for review. (R. at 4-5, 6-9.) Plaintiff filed this

---

[1] Citations to the underlying administrative record are designated as "R."

action challenging Defendant's final decision on June 17, 2010.[2]

3. The parties subsequently filed Motions for Judgment on the Pleadings.[3] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on February 7, 2011. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

---

[2] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[3] Defendant filed its Motion for Judgment on the Pleadings on December 23, 2010. (Docket No. 6.) Plaintiff followed suit on January 3, 2011. (Docket No. 8.)

859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

      7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

       8.      Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

       9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 1, 2004 (R. at 51); (2) Plaintiff's "depression, left eye blindness, and degenerative disc disease at L4-5" constitute "severe" impairments within the meaning of the Act (R. at 51); (3) Plaintiff's impairments, considered individually or together, do not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 52); (4) Plaintiff retained the residual functional capacity ("RFC") to sit for up to eight hours, stand/walk up to four hours, and lift up to 20 pounds occasionally and 10 pounds frequently with certain limitations (R. at 53-57);[4] and (5) Plaintiff is able to perform past relevant work and,

---

[4] Plaintiff had a number of additional limitations. These included no fine vision and limited depth perception, precluding the climbing of heights or operation of dangerous machinery. Plaintiff could occasionally do complex and detailed tasks, and could frequently handle and finger bilaterally, and could occasionally feel. (R. at 53-57.)

considering her age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform (R. at 57-58).  Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from June 1, 2004, through March 5, 2008, the date of the ALJ's decision. (R. at 59.)

10.    Plaintiff's only challenge to the ALJ's decision is that he erred in not finding Plaintiff's breast cancer a severe impairment at the second step of the sequential evaluation process.  Plaintiff contends that although she only received nine months of direct care following her diagnosis of breast cancer, she continued experiencing symptoms as a result of her cancer treatment until at least August 2006, and to a lesser extent up to the time of her hearing.  (Pl.'s Mem., Docket No. 8, pp. 5-8.)  Specifically, Plaintiff alleges that by August 1, 2006 she was still suffering from pain as a result of using her left arm.  Even on January 23, 2008, the date of her hearing, Plaintiff was still experiencing tingling in her extremities, allegedly as a result of the removal of lymph nodes from under her arm during her lumpectomy. Plaintiff further alleges that following her surgery she lost strength in her left arm.

Step two addresses two distinct questions.  First, an ALJ must determine whether an impairment satisfies the durational requirement.  Unless an impairment is expected to result in death, an impairment must "last[] or [] be expected to last for a continuous period of at least 12 months" before it can be considered potentially disabling.  20 C.F.R. § 416.909.  Second, an ALJ must determine whether an impairment "limits a claimant's ability to do 'basic work activities.'" Gray v. Astrue, No. 04 Civ. 3736(KMW)(JCF), 2009 WL 1598798, at *5 (S.D.N.Y. June 8, 2009) (quoting 20 C.F.R. § 416.921); see also Ahern v. Astrue, No, 09-CV-5543 (JFB), 2011 WL 1113534, at *8 (E.D.N.Y. Mar. 24, 2011)

(impairments not severe where only slight abnormality or combination of slight abnormalities would have only minimal effect on basic work activities). These requirements are separate from each other, and cannot be conflated. See Stadler v. Barnhart, 464 F. Supp. 2d 183, 189-90 (W.D.N.Y. 2006) ("To state that an impairment is not severe because it does not meet the twelve-month requirement . . . is inconsistent with the Commissioner's own interpretation of the regulations.").

The ALJ found, as to Plaintiff's breast cancer, as follows:

> This impairment is non-severe, as it lasted no more than 12 consecutive months. The only real limitations would have been caused by the radiation and chemotherapy. No other complains were mentioned in the record except hair loss, and she made no lasting complaints of side effects at the hearing.

(R. at 52.)

From this paragraph, it is unclear whether the ALJ was finding that both the durational and the severity requirements had not been met, or whether the ALJ was exclusively addressing the 12-month temporal component. Such ambiguity can constitute grounds to remand. See Stadler, 464 F. Supp. 2d at 189 (remanding for error where ALJ stated that there was "no evidence that the claimant's [disorder] constitutes a 'severe' impairment inasmuch as it does not meet the twelve-month duration requirement"). Based on the ALJ's summary of Plaintiff's testimony, it appears that he considered various symptoms allegedly caused by her treatment as impairments separate from her breast cancer. (R. at 54.) For example, the ALJ states that Plaintiff's treatment was completed in February 2006, but only discusses the tingling/numbness in her toes and fingers several lines later. (R. at 54.) At other points, the ALJ indicates that these symptoms do not rise to the necessary level of severity. As to Plaintiff's left arm, the ALJ stated that Plaintiff "claimed after the breast cancer treatment, she lost strength in the left arm; however, it is

6

noted . . . that the weakness is mild." (R. at 54.) Nevertheless, this ambiguity does not warrant remand.

Regardless of which specific impairments were included under the rubric of Plaintiff's breast cancer and found either non-severe or to have lasted less than twelve months, the ALJ carefully considered all of Plaintiff's alleged impairments in the remainder of his analysis. Even "[w]here an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." Chavis v. Astrue, No. 5:07-CV-0018 (LEK/VEB), 2010 WL 624039, at *12 (N.D.N.Y. Feb. 18, 2010); see also 20 C.F.R. § 404.1523 (ALJ required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). Here, the ALJ adjusted Plaintiff's RFC based on her impairments. He added a restriction concerning Plaintiff's ability to feel, based on the alleged numbness in her fingertips. (R. at 57.) He also determined that she could only occasionally do complex and detailed tasks as a result of her "chemo brain" impairment, which caused Plaintiff to experience memory problems, and which may have been related to her cancer treatment. (R. at 53, 56.) Accordingly, this Court finds that despite the ALJ's lack of clarity at step two, he properly considered the effects of all Plaintiff's impairments, making remand inappropriate.[5]

11. After carefully examining the administrative record, this Court finds that

---

[5] Plaintiff also argues that remand is needed for purposes of determining whether she is entitled to a "closed period of disability from May 2005 through August 2006, when the claimant's symptoms lessoned [sic]." (Pl.'s Reply, Docket No.12, p.2.) However, although Plaintiff's memorandum provides citations to the fact that Plaintiff's chemotherapy caused nausea and vomiting, nothing shows that these symptoms lasted until August 2006. Clinical notes from April 28 and August 1, 2006 do not reflect any complaints of nausea, vomiting, or any similar symptoms that allegedly lessened after August 2006. (See R. at 264-66, 269-70.) Accordingly, this Court does not find it necessary to remand the case for the ALJ's consideration of a closed period of disability.

substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings.

      IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

      FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

      FURTHER, that the Clerk of the Court shall close this case.

      SO ORDERED.

Dated:   December 30, 2011
           Buffalo, New York

                                       /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                           Chief Judge
                                       United States District Court